United States District Court

Middle District of North Carolina

| | |
|---|---|
| Martha Kontos, an<br>Individual d/b/a<br>Buy Greek Art,<br><br>      Plaintiff<br><br>V<br><br>Xristodoulos A. Moutsos, A.E.<br>a Greek Corporation, and<br>Moutsos A. Xristodoulos,<br>an individual and DOES 1-10 | CASE NO: 1:15 CV 971<br><br>**COMPLAINT FOR TRADEMARK**<br>**INFRINGEMENT, FALSE DESIGNATION**<br>**OF ORIGIN, TRADEMARK DILUTION**<br>**UNFAIR COMPETITION** |

    Plaintiff Buy Greek Art for its Complaint against Defendants Xristodoulos A. Moutsos, A.E. and Moutsos A. Xristodoulos and DOES 1-10 (Collectively, "Defendants"), alleges as follows:

    The parties to this dispute use the identical trademark for identical goods. Under these circumstances, consumer confusion is inevitable. Indeed, Defendants have already conceded that the parties' concurrent use is likely to cause consumer confusion. Because Buy Greek Art unquestionably has priority to the trademark at issue, Defendants' use constitutes willful trademark infringement under Federal law.

## JURISDICTION

1. This Court has subject matter under 28 USC § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of diverse jurisdictions. This Court also has subject matter jurisdiction under 28 USC §§ 1331, 1338 because this action arises under the Lanham Act, 15 USC § 1051, et seq.

2. The Court has personal jurisdiction over the Defendants because the Defendants have purposefully availed themselves of this forum, and the cause of action alleged in this Complaint arise out of those activities. Certain acts of trademark infringement, trademark dilution, unfair competition, and/or false designation of origin took place in the State of North Carolina. These

acts have caused ongoing injury to Buy Greek Art, a citizen and resident of North Carolina. Accordingly, since Defendants' actions in this forum give rise to these causes of action, Defendants' actions constitute sufficient minimum contacts to support the exercise of specific jurisdiction over Defendants.

3. This court has jurisdiction according to 28 USC Chapter 85 § 1332(a)(2) because this matter is a dispute between citizens of North Carolina and citizens of a foreign state.

## VENUE

4. Venue is proper under 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

5. Buy Greek Art is a d/b/a sole proprietorship with its principal place of business in King, North Carolina. Buy Greek Art offers male and female dolls of Greek nature specifically and exclusively designed for Buy Greek Art as to color, material, and fabric and sold under the YIANNI and AMALIA trademarks.

6. On information and belief, Defendant Xristodoulos A. Moutos, A.E. is a Greek corporation with its physical address Ethniki Axilliou 82, Corfu, Greece 49084. Upon information and belief, Defendant Moutos A. Xristodoulos is an individual who is the owner of Xristodoulos A. Moutsos, A.E. with the physical address of Ethniki Axilliou 82, Corfu, Greece 49084. Both of these Defendants also offer male and female dolls of Greek nature with the same color, material, and fabric and sold under the YIANNI and AMALIA trademarks.

7. Buy Greek Art is presently ignorant of the true names and capacities of Defendants sued herein as DOES 1-10 and therefore sues these Defendants by such fictitious names. Buy Greek Art will amend its Complaint to allege these Defendant's true names and capacities when ascertained. These Defendants may include, for example, the business partners, manufacturers, distributors, sales representatives, or family members of the aforementioned named Defendants.

8. Although, on information and belief, Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in the United States, and in the state of North Carolina, Defendants do not maintain a regular place of business or a registered agent for service of process in North Carolina. Accordingly, under North Carolina Rules of Civil Procedure, GS_1A-1, Rule 4, (j)(6)(a), (c), service may be accomplished "by delivering a copy of the summons and complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person

who is apparently in charge of the office." or "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, or agent to be served as specified in paragraphs a and b." Upon information and belief both the mailing and physical address of Defendants is Ethniki Axilliou 82, Corfu, Greece 49084.

9. At all times herein mentioned, each Defendant was the agent, employee, partner, joint venture, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and approved the acts of the remaining Defendants.

## FACTS

10. Buy Greek Art has offered male and female dolls of Greek nature specifically and exclusively designed for Buy Greek Art as to color, material, and fabric and sold under the YIANNI and AMALIA trademarks since at least as early as 2006.

11. Buy Greek Art's YIANNI and AMALIA Greek dolls are inherently distinctive. Further, as a result of its use and promotion over many years, Buy Greek Art's YIANNI and AMALIA Greek dolls have acquired distinctiveness as an indicator of source of Buy Greek Art's products.

12. Long after Buy Greek Art established rights in the YIANNI and AMALIA Greek doll trademarks, Defendants began offering dolls with the same color, material, fabric, and names as Buy Greek Art.

13. Both Buy Greek Art and Defendants offer their products with the same color, material, fabric, and names to distributors of Greek products throughout the United States and the rest of the world as well as to individual customers throughout the United States and the rest of the world. Both Buy Greek Art and Defendants also offer their products with the same design and YIANNI and AMALIA trademark on their respective websites.

14. In 2010 Buy Greek Art, through counsel, sent Defendants a letter demanding that they immediately cease and desist from using the distinctively designed dolls with this color pattern, material and fabric and under the trademarks YIANNI and AMALIA.

15. In response to the letter from Buy Greek Art's counsel Defendants conceded that Buy Greek Art had priority to the YIANNI and AMALIA trademark and the specific color pattern, material, and fabric. The parties then engaged in settlement negotiations. However, Defendants refused to cease use and sales of these dolls and trademarks.

16. Defendants have continued to offer these dolls under the YIANNI and AMALIA trademarks despite Buy Greek Art's objections and despite having confirmed the prior use by Buy Greek Art.

17. Upon information and belief, Defendants have deliberately attempted to confuse consumers through their sale and use of these dolls with the YIANNI and AMALIA trademarks, and to lead consumers to believe that Buy Greek Art endorses or is affiliated with Defendants or their products.

## FIRST CAUSE OF ACTION

### Trademark Infringement

### (15 USC § 1114)

18. Buy Greek Art re-alleges and incorporates by reference the allegations of Paragraphs 1 through 17.

19. Buy Greek Art has common law trademark rights dating back to at least as early as 2006 in and to the specific design and appearance of the Greek dolls and with the trademarks YIANNI and AMALIA.

20. Defendants' use of the specific design and appearance of the Greek dolls and with the trademarks YIANNI and AMALIA began after 2006. This use has caused, and is likely to continue to cause, consumer confusion. The parties' items and trademarks are identical and their dolls are identical.

21. Buy Greek Art has not consented to Defendants' use of the design and appearance or names YIANNI and AMALIA of the Greek dolls.

22. Upon information and belief, Defendants had knowledge of Buy Greek Art's trademark rights prior to using the specific design and appearance of the Greek dolls and the names of YIANNI and AMALIA trademarks. Defendants have continued to use and sell these dolls in the face of Buy Greek Art's objections and documentary evidence of prior use as well as Defendant's admission of prior use by Buy Greek Art.

23. Defendant's use of the specific design and appearance of the Greek dolls and the names of YIANNI and AMALIA trademarks constitute trademark infringement in violation of 15 USC § 1114.

24. The willful and intentional nature of Defendant's trademark infringement makes this an exceptional case pursuant to 15 USC § 1117(a).

25. As a result of Defendants' trademark infringement, Buy Greek Art has suffered damages in an amount to be determined at trial.

26. As a result of Defendant's trademark infringement, Buy Greek Art has also suffered irreparable injury to its business, reputation, and goodwill. Buy Greek Art with continue to suffer irreparable injury unless Defendant's misconduct is enjoined by the Court.

## SECOND CAUSE OF ACTION

## False Designation of Origin

## (15 USC § 1125(a))

27. Buy Greek Art re-alleges and incorporates by reference the allegations of Paragraphs 1 through 26.

28. Defendant's unauthorized use of the specific design and appearance of the Greek dolls with the names YIANNI and AMALIA trademarks in connection with the manufacture and sale of its goods falsely suggests that these goods are connected with, sponsored by, affiliated with, or related to Buy Greek Art.

29. Defendant's unauthorized use of the specific design and appearance of the Greek dolls with the names YIANNI and AMALIA trademarks constitutes a false designation of origin in violation of 15 USC § 1125(a).

30. The willful and intentional nature of Defendant's false designation of origin makes this an exceptional case pursuant to 15 USC § 1117(a).

31. As a result of this false designation of origin, Buy Greek Art has suffered damages in an amount to be determined at trial.

32. As a result of this false designation of origin, Buy Greek Art has also suffered irreparable injury to its business, reputation, and goodwill. Buy Greek Art with continue to suffer irreparable injury unless Defendant's misconduct is enjoined by the Court.

## THIRD CAUSE OF ACTION

## Common Law Unfair Competition

33. Buy Greek Art re-alleges and incorporates by reference the allegations of Paragraphs 1 through 32.

34. Defendant's acts as described herein, which cause consumer confusion, constitute unfair competition under the common law of the State of North Carolina.

35. As a result of this unfair competition, Buy Greek Art has suffered irreparable injury to its business, reputation, and goodwill. Buy Greek Art will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## FOURTH CAUSE OF ACTION

## VIOLATION OF NORTH CAROLINA TRADEMARK REGISTRATION ACT

36. Buy Greek Art repeats and re-alleges and incorporates by reference the allegations of Paragraphs 1 through 35 of this Original Complaint and the acts of Defendants, as set forth herein.

37. Buy Greek Art's specific design and appearance of the Greek dolls with the trademarks YIANNI and AMALIA are inherently distinctive, and has also acquired distinctiveness as an indicator of source of Buy Greek Art's products, and symbolizes the valuable business reputation of Buy Greek Art for its products.

38. The unauthorized use by Defendants of Buy Greek Art's specific design and appearance of the Greek dolls with the trademarks YIANNI and AMALIA and brand name in connection with the distribution, sale, promotion, or advertising of goods that are identical or substantially similar to Buy Greek Art's goods is likely to injure the business reputation, or to dilute the distinctive quality of Buy Greek Art's mark.

39. Defendant's unauthorized activities are in violation of North Carolina Trademark Registration Act Code § 80-11.

40. Buy Greek Art with be irreparably injured unless such action is enjoined by this Court as provided by North Carolina law.

## FIFTH CAUSE OF ACTION

## Exemplary Damages

### (Article 1 of North Carolina Trademark Registration Act)

41. Buy Greek Art repeats and re-alleges and incorporates by reference the allegations of Paragraphs 1 through 40 of this Original Complaint and the acts of Defendants, as set forth herein.

42. Before commencing use of the specific design and appearance of the Greek dolls with the trademark names YIANNI and AMALIA, Defendants knew of Buy Greek Art's use of the specific design and appearance of the Greek dolls with the trademark names YIANNI and AMALIA, or had a duty to search for and find out about Buy Greek Art's use, and to avoid use of these specific design and appearance of the Greek dolls with the trademark names YIANNI and AMALIA. Furthermore, after receiving documentary evidence of Buy Greek Art's prior use of these specific designs and appearance of the Greek dolls with the trademark names YIANNI and AMALIA, Defendants had a duty to cease and desist use of these trademarks. Defendants thus began and continued use of these specific designs and appearance Greek dolls with the trademark names YIANNI and AMALIA with fraud, malice, or gross negligence.

43. As a result of the fraud, malice, or gross negligence of Defendants, Buy Greek Art has suffered harm to its business, business reputation, and goodwill.

44. Since the harm caused by Defendants' actions from fraud, malice, or gross negligence, Buy Greek Art is entitled to exemplary damages under North Carolina Trademark Registration Act § 80-11.1

45. Since the harm caused by Defendant's actions from fraud, malice, or gross negligence, in violation of the North Carolina Trademark Registration Act § 80-11.1 Defendants are also in violation of NC GS 75-1.1 which also entitles Buy Greek Art to exemplary damages in this matter.

# PRAYER FOR RELIEF

Wherefore, Buy Greek Art prays for relief as follows:

1. A judgement enjoining Defendants, and all of their agents, representatives, officers, directors, and employees, from (1) using the specific designs and appearance of the Greek dolls with the trademark names YIANNI and AMALIA, or any doll or name that is confusingly similar to those trademarks; and (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendants and Buy Greek Art;

2. A judgement ordering Defendants, pursuant to 15 USC § 1116(a), to file with this Court and serve upon Buy Greek Art within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue their offering of these goods;

3. A judgement ordering Defendants, pursuant to 15 USC § 1118, to deliver to Buy Greek Art all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession for these Greek dolls of specific design and appearance with the trademark names YIANNI and AMALIA;

4. A judgement that Defendants account for and disgorge to Buy Greek Art all of the profits realized by Defendants, or others acting in concert or participating with Defendants, resulting from Defendants' acts of trademark infringement and false designation or origin relating to Defendants' use of these Greek dolls of specific design and appearance with the names YIANNI and AMALIA;

5. A judgement awarding compensatory damages, plus interest, in an amount to be determined;

6. A judgement awarding exemplary damages pursuant to Article 1 of the North Carolina Trademark Registration Act, plus interest, in an amount to be determined;

7. A judgement that Buy Greek Art be awarded three times Defendants' profits from their use of these Greek dolls of specific design and appearance and with the trademark names YIANNI and AMALIA, or three times Buy Greek Art's damages, whichever is greater, together with its reasonable attorneys' fees pursuant to 15 USC § 1117(a) and (b);

8. A judgement that Buy Greek Art recover the costs of this action, plus interest;

9. A judgement that Buy Greek Art be granted such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Buy Greek Art hereby demands trial by jury of all issues so triable.

Dated: November 17, 2015

Respectfully submitted,

By: *Martha Kontos*
Martha Kontos,
Sole Proprietor,
Buy Greek Art
217 Scenic Drive
King, North Carolina 27021